UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL SPEIDEL

    Plaintiff,

v.                        Case No: 2:13-cv-852-FtM-29DNF

JP MORGAN CHASE & CO.,

    Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of defendant's Motion to Dismiss (Doc. #9) filed on December 12, 2013. Plaintiff filed a Response in Opposition (Doc. #12) on December 19, 2013. For the reasons set forth below, the motion is granted.

**I.**

On October 29, 2013, plaintiff Michael Speidel filed a four count Complaint against defendant JP Morgan Chase & Co. in the Small Claims Court of the Twentieth Judicial Circuit in and for Collier County, Florida. The Complaint asserts violations of Florida's Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* (the FCCPA) (Count I), and the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (the TCPA) (Count IV). Plaintiff also seeks injunctive and declaratory relief based on

the alleged violations of the FCCPA (Counts II and III).  In support of his claims, plaintiff alleges the following:

Plaintiff is a consumer and "became delinquent in making payments under the contract for specific reason." (Doc. #2, ¶ 7.) In an effort to collect the debt, defendant misrepresented the amount due and owing under the contract and undertook an aggressive and outrageous course of conduct that exceeded any reasonable bounds of decency, including the use of repeated telephone calls, obscene language, threats, calls and hang-ups, false and egregious incomplete reports to credit bureaus and reporting agencies, and similar conduct designed to threaten and intimidate plaintiff. Plaintiff also alleges that defendant used an automatic telephone dialing system and/or an artificial or prerecorded voice to deliver a message to plaintiff's residential or cellular phone without prior consent.

Following service of the Complaint, defendant removed the case to this Court and subsequently filed a motion to dismiss. The motion to dismiss asserts that the claims lack adequate factual support and that the claims for injunctive and declaratory relief are duplicative of plaintiff's claim under the FCCPA.

**II.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing

2

that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011)(citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations

3

omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

### III.

After reviewing the Complaint, the Court concludes that the asserted claims are merely consistent with defendant's liability and lack adequate factual support. As a preliminary matter, the foundation upon which plaintiff's claim rests is impermissibly vague. Plaintiff refers to "the contract" and "an account ending in 0912," but fails to identify what contract he is referring to or what type of account is at issue. The Complaint also fails to identify defendant's connection to the debt (*i.e.*, whether defendant is the creditor or merely servicing the account).

In Count I of the Complaint, plaintiff alleges that defendant violated Fla. Stat. §§ 559.72(7) and (9), but has offered little more than a threadbare recitation of the elements of a cause of action in support of his contentions. For example, plaintiff alleges that defendant misrepresented the amount due on the debt and made false reports to credit bureaus and reporting agencies, but has failed to allege how the amount due was misrepresented or how the reports were false. Because these bare assertions are little "more than an unadorned, the defendant-unlawfully-harmed-

4

me accusation," Count I will be dismissed without prejudice. See Iqbal, 556 U.S. at 678 (citations omitted). For similar reasons, the remaining counts will also be dismissed.

Counts II and III seek injunctive and declaratory relief based on defendant's alleged violations of the FCCPA. As previously discussed, the allegations regarding the alleged violations of the FCCPA are inadequate and no additional allegations are provided; thus, Counts II and III will be dismissed. In Count IV, plaintiff alleges that defendant willfully violated the TCPA by placing calls using an automatic telephone dialing system to dial plaintiff's cellular or residential telephone, or by using an artificial or prerecorded voice to deliver a message to plaintiff. No additional allegations are provided. The Court finds that such allegations merely follow the language of the statute and are consistent with defendant's liability. Furthermore, plaintiff has failed to identify the nature of the calls; thus, it is impossible to know if the automated calls were unlawful or exempt by rule or order. See 47 U.S.C. § 227(b)(1)(B). Because Count IV lacks adequate factual support, it will be dismissed without prejudice.

In addition to its argument regarding the pleading deficiencies, defendant asserts that Counts II and III should be dismissed as duplicative. Because Counts II and III are

5

inadequately pled, the Court will not address defendant's argument at this time.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss (Doc. #9) is **GRANTED** and the Complaint is **dismissed without prejudice** to filing an Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this ___13th___ day of February, 2014.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:

Counsel of record